*295 Justice Scalia,
concurring in part and concurring in the judgment.
I join the opinion of the Court, except for its protestation, ante, at 283-284, that it is not according Chevron deference to the reasonable interpretation set forth in the memorandum sent by the Director of the Environmental Protection Agency’s (EPA) Office of Wetlands, Oceans and Watersheds, to the Director of the EPA’s regional Office of Water with responsibility over the Coeur Alaska mine — an interpretation consistently followed by both the EPA and the Corps of Engineers, and adopted by both agencies in the proceedings before this Court. See Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (1984). The opinion purports to give this agency interpretation “a measure of deference” because it involves an interpretation of “the agencies’ own regulatory scheme” and “ ‘the regulatory regime,’ ” ante, at 284 (citing Auer v. Robbins, 519 U. S. 452, 461 (1997)). Auer, however, stands only for the principle that we defer to an agency’s interpretation of its own ambiguous regulation. But it becomes obvious from the ensuing discussion that the referenced “regulatory scheme,” and “regulatory regime” for which the Court accepts the agency interpretation, includes not just the agencies’ own regulations but also (and indeed primarily) the conformity of those regulations with the ambiguous governing statute, which is the primary dispute here.
Surely the Court is not adding to our already inscrutable opinion in United States v. Mead Corp., 533 U. S. 218 (2001), the irrational fillip that an agency position which otherwise does not qualify for Chevron deference does receive Chevron deference if it clarifies not just an ambiguous statute but also an ambiguous regulation. One must conclude, then, that if today’s opinion is not according the agencies’ reasonable and authoritative interpretation of the Clean Water Act Chevron deference, it is according some new type of deference — perhaps to be called in the future Coeur Alaska deference— which is identical to Chevron deference except for the name.
*296 The Court’s deference to the EPA and the Corps of Engineers in today’s cases is eminently reasonable. It is quite impossible to achieve predictable (and relatively litigation-free) administration of the vast body of complex laws committed to the charge of executive agencies without the assurance that reviewing courts will accept reasonable and authoritative agency interpretation of ambiguous provisions. If we must not call that practice Chevron deference, then we have to rechristen the rose. Of course the only reason a new name is required is our misguided opinion in Mead, whose incomprehensible criteria for Chevron deference have produced so much confusion in the lower courts* that there has now appeared the phenomenon of Chevron avoidance — the practice of declining to opine whether Chevron applies or not. See Bressman, How Mead Has Muddled Judicial Review of Agency Action, 58 Vand. L. Rev. 1443, 1464 (2005).
I favor overruling Mead. Failing that, I am pleased to join an opinion that effectively ignores it.

Compare, e. g., Kruse v. Wells Fargo Home Mortgage, Inc., 383 F. 3d 49, 61 (CA2 2004) (according Chevron deference to policy statements issued by Department of Housing and Urban Development), and Schuetz v. Banc One Mortgage Corp., 292 F. 3d 1004, 1012 (CA9 2002) (same), with Krzalic v. Republic Title Co., 314 F. 3d 875,881 (CA7 2002) (denying Chevron deference to same policy statements). Compare American Federation of Govt. Employees, AFL-CIO, Local 446 v. Nicholson, 475 F. 3d 341, 353-354 (CADC 2007) (according Chevron deference to informal adjudication by Department of Veterans Affairs), with American Federation of Govt. Employees, AFL-CIO, Local 2152 v. Principi, 464 F. 3d 1049, 1057 (CA9 2006) (denying Chevron deference to similar action). It is not even clear that notiee-and-comment rulemaking will assure Chevron deference to agency interpretation of an ambiguous statute. See Ruble’s Costume Co. v. United States, 337 F. 3d 1350, 1355 (CA Fed. 2003) (customs classification).